BOARDMAN, EDWARD F., (Ret.) Judge.
This is an appeal from a summary final judgment in favor of appellee (Celotex) in appellant's (IRE’s) action for breach of warranty and contract, and interference with an advantageous business relationship. We affirm the summary final judgment on the interference with an advantageous business relationship claim, and reverse with respect to the breach of warranty and contract claims.
IRE’s third amended complaint alleged that on November 16, 1979, it entered into a written roofing subcontract with W.G. Mills, Inc. (Mills), a general contractor, as part of the Lemon Bay Junior and Senior High Schools project located in Charlotte County. The subcontract incorporated specific warranty requirements to be provided by the manufacturer of the roofing materials. An agent of Celotex represented to IRE that its product would comply with the subcontract specifications, including the warranty. Based upon this representation, IRE installed Celotex materials. Subsequently, Celotex refused to provide a manufacturer's warranty as required by the specifications. IRE’s complaint alleged that IRE performed all of its obligations under the subcontract except for furnishing a roof warranty from Celotex. IRE alleged that as a result of Celotex’s failure to provide a roof bond to the Charlotte County School Board that the School Board withheld money from Mills, which then withheld $28,332.07 from IRE.
Count I of IRE's third amended complaint sought damages from Mills for breach of contract. Counts II, III, and IV sought damages from Celotex for breach of warranty and contract, and interference with an advantageous business relationship with Mills, respectively.
Celotex filed its motion for summary final judgment on the basis that IRE did not suffer any damage as a proximate cause of Celotex’s refusal to provide a roof bond. The trial court granted Celotex’s motion and entered summary final judgment in Celotex’s favor on counts II, III, and IV of IRE’s third amended complaint.[1]
After reviewing the record, we conclude that there is no genuine issue of material fact as to whether Celotex’s failure to issue the roof bond resulted in Mills’ removal of IRE from its approved bidders’ list, which was the basis of IRE’s claim against Celotex for interference with its business relationship with Mills. The record is devoid of any evidence that Celo- *1135 tex’s failure to issue a roof bond resulted in Mills’ decision to remove IRE from its approved bidders’ list. Accordingly, we affirm the summary final judgment on count IV of IRE’s third amended complaint.
We do, however, decide that the record demonstrates the existence of genuine issues of material fact as to (1) whether Celotex’s failure to provide a roof bond was the cause of the School Board’s initial failure to pay Mills; and (2) whether the School Board’s failure to pay Mills because of IRE’s failure to provide a roof bond was the basis for Mills’ action against the School Board, which action was ultimately settled, but because of such action, IRE was assessed attorney’s fees pursuant to the subcontract with Mills, and which assessment offset any sums which Mills allegedly owed IRE. Therefore, we reverse the summary final judgment on counts II and III of IRE’s third amended complaint and remand for further proceedings.
Affirmed in part, reversed in part, and remanded for further proceedings.
RYDER, A.C.J., and FRANK, J., concur.

. Count I of the complaint, involving the subcontract with Mills, is not presently before us for review.